```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
───────────────────────────────────────

BYRON SMITH,

                Plaintiff,

    - against -

PAUL A. CASTRUCCI, ARCHITECTS, PLLC,

                Defendant.

───────────────────────────────────────

20-cv-3176 (JGK)

MEMORANDUM OPINION AND ORDER

**JOHN G. KOELTL, District Judge:**

    By Order dated February 23, 2021, the Court directed the defendant to show cause by March 5, 2021 why a default judgment should not be entered against the defendant. The defendant failed to respond. The Clerk had entered a certificate of default on January 5, 2021. Therefore, the plaintiff is entitled to a default judgment against the defendant. The plaintiff now seeks an award of damages and costs. The plaintiff does not seek attorney's fees. Because the determination of the appropriate judgment in this case is straightforward, the Court withdraws its prior reference to the Magistrate Judge for an inquest on damages.

    The plaintiff bears the burden of establishing the appropriate damages and must substantiate the plaintiff's claim with evidence to prove the extent of the damages. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). The Court is not required to hold a hearing when there is a sufficient documentary basis to conclude the appropriate amount of damages. See Bricklayers & Allied

Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015); Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997); see also Fed. R. Civ. P. 55(b)(2).

The plaintiff, a copyright holder of a photograph, asserts that the defendant used the copyrighted photograph on the defendant's website without the plaintiff's authorization, in violation of 17 U.S.C. § 501.  Smith Decl. ¶¶ 4-5.  The plaintiff estimates that the plaintiff could have charged up to $1,680 for the commercial use of the photograph.  Id. ¶ 6.  The plaintiff asserts a similar photograph had a benchmark licensing fee of $1,680.  Id. ¶ 7 & Ex. D.  The defendant has not appeared in this matter to contest the plaintiff's allegations, and the Court finds the plaintiff's damages calculations to be reasonable.  Accordingly, the plaintiff is entitled to damages in the amount of $1,680. See 17 U.S.C. § 504(b).

The plaintiff also seeks $440 in costs.  Unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise, a prevailing party is entitled to costs.  See Fed. R. Civ. P. 54(d)(1).  No such statute, Rule, or court order precludes an award of costs in this case.  "The Copyright Act allows the District Court, in its discretion, to award costs." Arclightz and Films Pvt. Ltd. V. Video Palace Inc., 303 F. Supp. 2d 356, 365 (S.D.N.Y. 2003); see also 17 U.S.C. § 505.  The plaintiff asserts that the costs were $400 for the court filing

fee and $40 for the personal service fee. Freeman Decl. ¶ 20. The Court finds those costs to be reasonable. Therefore, the Court awards the plaintiff $440 in costs.

Accordingly, the Clerk is directed to enter judgement in favor of the plaintiff and against the defendant in the amount of $2,120 consisting of $1,680 in damages and $440 in costs. The Clerk is also directed to close this case and to close all pending motions.

**SO ORDERED.**

**Dated:   New York, New York**
**         March 11, 2021**

                                    /s/ John G. Koeltl
                                  **John G. Koeltl**
                              **United States District Judge**